IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **YVETTE MOORE,**<br><br>*Plaintiff*,<br>v.<br><br>**TUMI STORES, INC.,**<br><br>*Defendant*. | **CASE NO.: 1:26-CV-1151** |

COMPLAINT AND JURY REQUEST

**NOW COMES** the Plaintiff, Yvette Moore ("Moore"), and complaining of the Defendant, Tumi Stores, Inc. ("Tumi"), alleges the following to be true:

## INTRODUCTION

**1** This action arises from Tumi's termination of Moore based on race and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* and 42 U.S.C. § 1981.

**2** Each paragraph of this Complaint incorporates all others, and all exhibits are incorporated as if fully laid out herein.

## PARTIES, JURISDICTION, AND VENUE

**3** Moore is a resident of Alamance County, North Carolina, and is neither a minor nor incompetent.

**4** Tumi is a foreign corporation with offices in Alamance County, North Carolina, and a registered agent in Raleigh, North Carolina.

**5** This Court has subject-matter jurisdiction over this action pursuant to any/all of the following:

**5.1** 28 U.S.C. § 1331, as the action arises out of 42 U.S.C. §§ 2000e *et seq.* and 42 U.S.C. § 1981.

**6** This Court has personal jurisdiction over all parties to this matter pursuant to any/all of the following:

**6.1** Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure, which requires the federal district courts to use the rules for personal jurisdiction of the state where the district court is located;

**6.2** N.C. Gen. Stat. § 1-75.4(1)(d), as Tumi was engaged in substantial business activity within this state at the time service of process was made upon it.

**6.3** N.C. Gen. Stat. § 1-75.4(3), as this action arises from a local act or omission causing injury to Moore's person or property.

**7** Venue is proper in this Court pursuant to any/all of the following:

**7.1** 28 U.S.C. § 1391(b)(1), as all Defendants are residents of North Carolina and at least one defendant is a resident of the Middle District of North Carolina;

**7.2** 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to this action occurred in the Middle District of North Carolina.

**STATEMENT OF THE FACTS**

**8** Moore is a black female.

**9** Moore began working for Tumi as an Associate Manager in a retail store in Mebane, North Carolina in February 2023. She was hired at the time of the store's opening.

**10** In addition to sales of luggage, Moore's job duties included inventory, ordering supplies, and supervising other employees.

**11** In January 2025, the Assistant Manager left on maternity leave and did not return. Because of her absence, Moore had to assume the Assistant Manager's hours, while the Store Manager, Brandon Soders (white), assumed the rest of her managerial duties.

**12** In March 2025, the Store Manager quit.

**13** Because there was no Assistant or Store Manager, Moore had to run the store as the acting manager. Her duties now also included managing the remaining

employees, running receipts and deposits, sending reports to corporate, placing work orders for maintenance to the store, setting up visuals for the store, reporting items missing from shipments, and ordering supplies.

**14** Moore performed the duties of both the Assistant and Store Manager with no increase in pay.

**15** Moore nevertheless did as Tumi asked and received no reprimands about her performance as the acting store manager.

**16** Moore applied for the open store manager position.

**17** District Manager Lauren Elliot ("Elliot") (white), told her she was not ready for the position.

**18** In early July 2025, Elliot hired Phil Compton ("Compton") (white), an outside hire, for the Store Manager position.

**19** In April 2025, an Assistant Manager position was posted.

**20** Moore applied for the Assistant Manager position.

**21** When Moore talked to Elliot about the position, Elliot blew her off and did not take her interest in the position seriously.

**22** Moore complained to the manager of another store that Elliot seemed to be ignoring her application.

**23** Afterwards, Elliot assigned Moore management courses to complete before her interview.

**24** Moore completed the courses before her interview with Elliot.

**25** When Moore interviewed with Elliot, Elliot was unprofessional and rude. She accused Moore of not getting along with her prior managers, which was not true.

**26** In mid-July 2025, Elliot hired Elizabeth Whitfield ("Whitfield") (white), another outside hire, for the Assistant manager position.

**27** In June 2025, Moore called the HR phone number and complained that she felt like she had been denied the Store Manager and Assistant manager positions because of her race.

**28** Moore did not hear back from HR, so she followed up, repeating her complaints, in July 2025.

**29** After Moore's complaints to HR, Elliot began to micromanage Moore, even though there was now a layer of supervision between Elliot and Moore.

**30** Elliot accused Moore of policy violations, told her she was doing tasks she had been doing for years wrong, and twisting facts to make minor issues worse than they were.

**31** Moore complained on October 25, 2025, to HR in writing that she felt Elliot was retaliating against her because of her prior complaints.

**32** Shortly afterwards, Elliot wrote Moore up for an incident where she accidentally left a till out of the safe.

**33** A few weeks prior to Moore's complaint, Whitfield, the new Assistant Manager, had spotted the error and placed the till in the safe, and had verbally coached Moore on it, but had said it was not a big deal because it was an accident and had never happened before.

**34** Nevertheless, Elliot had aggressively interrogated Moore about the issue prior to Moore's complaint and then wrote her up for it after the complaint.

**35** HR called Moore to discuss her written complaint. During the call, Moore told HR she thought she was being discriminated against because she was black and because of the discrimination complaints she had made in June, July, and October.

**36** Elliot continued to nitpick and micromanage Moore.

**37** On December 2, 2025, Elliot terminated Moore for cell phone use on the clock.

**38** While Moore had engaged in cell phone use in the break room on the clock, every employee and manager, including Compton and Whitfield, engaged in cell phone use while on the clock, not just in the break room, but also on the sales floor.

**39** Tumi has 501 or more employees.

**40** Moore filed an EEOC charge on January 23, 2026, alleging race discrimination and retaliation, and received a notice of right to sue from the EEOC on July 7, 2026.

## FIRST CAUSE OF ACTION
### Race Discrimination
*Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e* et seq.

**41** Moore is black, a member of a protected class.

**42** Moore was discharged.

**43** Moore was performing to Tumi's legitimate expectations at the time of her discharge.

**44** Moore was terminated because of her race.

## SECOND CAUSE OF ACTION
### Retaliation
*Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e* et seq.

**45** Moore engaged in a protected activity by making a complaint about race discrimination.

**46** Moore was discharged.

**47** There is a causal connection between her protected activity and her termination.

## THIRD CAUSE OF ACTION
### Race Discrimination
*42 U.S.C. §§ 1981*

**48** Moore is black, a member of a protected class.

**49** Moore was discharged.

**50** Moore was performing to Tumi's legitimate expectations at the time of her discharge.

**51** Moore was terminated because of her race.

**FOURTH CAUSE OF ACTION**
**Retaliation**
*42 U.S.C. §§ 1981*

**52** Moore engaged in a protected activity by making a complaint about race discrimination.

**53** Moore was discharged.

**54** There is a causal connection between her protected activity and her termination.

**FIFTH CAUSE OF ACTION**
**Failure to Promote**
*42 U.S.C. §§ 1981*

**55** Moore is black, a member of a protected class.

**56** Moore applied for a specific position: Store Manager.

**57** Moore was qualified for that position, having already performed the duties of that position for several months.

**58** Tumi rejected Moore's application because of her race.

## SIXTH CAUSE OF ACTION
## Failure to Promote
*42 U.S.C. §§ 1981*

**59** Moore is black, a member of a protected class.

**60** Moore applied for a specific position: Assistant Manager.

**61** Moore was qualified for that position, having already performed the duties of that position for several months.

**62** Tumi rejected Moore's application because of her race.

## PRAYER FOR PUNITIVE DAMAGES

**63** Defendant is liable for compensatory damages and at least one of the following factors was present and related to the conduct for which it is liable:

**63.1** Malice;

**63.2** An evil motive; and/or

**63.3** Callous indifference to a federally protected right.

**64** Officers, directors, and/or managers of Defendant participated in and/or condoned the conduct constituting the aggravating factor giving rise to punitive damages.

## REQUEST FOR JURY TRIAL

**65** Plaintiff requests a trial by jury on all issues so triable.

**WHEREFORE,** the Plaintiff respectfully requests this Court that it:

**1** Enter Judgment for Moore against Defendant on all causes of action contained herein;

**2** Award Moore damages, including punitive damages, in an amount to be determined at trial;

**3** Tax the costs of this action against Defendant and award Moore reasonable attorney fees as permitted by law, and;

**4** Grant such other and further relief as the Court deems just and proper.

*Respectfully submitted on this, the 29th day of September 2026,*

**/s/ WILSON FONG**
*Attorney for the Plaintiff*
NC State Bar No. 50708
HENSEL LAW, PLLC
Post Office Box 39270
Greensboro, North Carolina 27438
Phone: (336) 218-6466
Fax: (336) 218-6467
will.fong@hensellaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2026, I electronically filed the foregoing Complaint and Request for Jury Trial with the Clerk of Court using the CM/ECF system, and will serve the following by Certified Mail, return receipt:

Tumi Stores, Inc.
c/o CT Corporation System
160 Mine Lake Ct Ste 200
Raleigh, NC 27615-6417
*Defendant*

**/s/ WILSON FONG**
*Attorney for the Plaintiff*
NC State Bar No. 50708
HENSEL LAW, PLLC
Post Office Box 39270
Greensboro, North Carolina 27438
Phone: (336) 218-6466
Fax: (336) 218-6467
will.fong@hensellaw.com